# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 20-CR-0248-CVE-07 |
| GABRIEL VIDALES-MORENO, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is defendant Gabriel Vidales-Moreno's motion for a James Hearing (Dkt. # 133). Defendant requests a hearing to determine the admissibility of certain out-of-court statements made by alleged coconspirators or co-defendants in this case against defendant pursuant to Federal Rule of Evidence 801(d)(2)(E).

### I.

On March 2, 2021, a grand jury returned a sealed superseding indictment alleging that defendant and nine others participated in a conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, and 841(b)(1)(A)(viii) (count 1). Dkt. # 45. In addition to the conspiracy charge alleged in count 1, defendant is charged with two counts of using a communication facility in committing or facilitating a drug trafficking offense (counts 11 and 12), in violation of 21 U.S.C. §§ 843(b), and 843(d)(1). The indictment alleges that defendant was part of a larger conspiracy to manufacture and distribute methamphetamine that began in September 2020. Id. at 1-2. Counts 11 and 12 allege that defendant inquired about

methamphetamine while on the phone with co-defendant Gerardo Yepez on two separate occasions. Id. at 7-8.

## II.

Defendant asks the Court to conduct a pretrial hearing to determine whether coconspirator statements will be admissible at trial. Dkt. # 133. Under Fed. R. Evid. 801(d)(2)(E), a statement is not considered hearsay if the court finds that "(1) a conspiracy existed; (2) both the declarant and the defendant against whom the declaration is offered were members of the conspiracy; and (3) the statement was made in the course of and in furtherance of the conspiracy." United States v. Eads, 191 F.3d 1206, 1210 (10th Cir. 1999) (quoting United States v. Caro, 965 F.2d 1548, 1557 (10th Cir. 1992)). For Rule 801(d)(2)(E) to apply, the government must establish the existence of a conspiracy at some point in its case-in-chief, or the statements must be excluded. United States v. Kaatz, 705 F.2d 1237, 1244 (10th Cir. 1983). A court "can only admit coconspirator statements if it holds a *James* hearing [before trial] or conditions admission on forthcoming proof of a 'predicate conspiracy through trial testimony or other evidence.'" United States v. Townley, 472 F.3d 1267, 1273 (10th Cir. 2007) (quoting United States v. Owens, 70 F.3d 1118 (10th Cir. 1995)). A district court may rely on the statements and observations of other coconspirators to support its finding that a conspiracy existed. Owens, 70 F.3d at 1124-25. If a coconspirator statement is admissible under Fed. R. Evid. 801(d)(2)(E), the requirements of the Confrontation Clause of the Sixth Amendment are also satisfied. United States v. Molina, 75 F.3d 600, 603 (10th Cir. 1996).

There is no Tenth Circuit precedent requiring a pretrial hearing to determine the admissibility of coconspirator statements. The Tenth Circuit has stated that it has a "preference" for a district court to hold a pretrial hearing. United States v. Gonzalez-Montoya, 161 F.3d 643, 649 (10th Cir.

1998). However, the Tenth Circuit has clearly held that this is a preference only, and the district court retains discretion to hold a pretrial hearing or permit the government to "connect up" the statements to a conspiracy at trial. United States v. Urena, 27 F.3d 1487, 1491 (10th Cir. 1994). In this case, the indictment alleges that ten defendants engaged in a conspiracy to distribute methamphetamine over a period of several months. As a result, a James hearing would take almost as long as a jury trial. The Court will require the government to lay a proper foundation for admitting coconspirator statements by offering proof of the conspiracy and each defendant's membership in it before seeking to admit the statements, but defendant's motion (Dkt. # 133) for a James hearing is denied.

      **IT IS THEREFORE ORDERED** that defendant Gabriel Vidales-Moreno's motion for a James hearing (Dkt. # 133) is **denied**.

      **DATED** this 29th day of June, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE