UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-CR-0248-CVE-07 |
| | ) |
| GABRIEL VIDALES-MORENO, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is defendant Gabriel Vidales-Moreno's motion in limine (Dkt. # 150). Defendant is charged in a superseding indictment (Dkt. # 45),[1] which alleges that beginning in or about September 2020, defendant was part of a larger conspiracy to manufacture and distribute methamphetamine with eight other named coconspirators. Dkt. # 45, at 1-2. Defendant is charged in count one of the superseding indictment with conspiracy with intent to distribute and distribution of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii). Defendant is also charged in counts eleven and twelve with using a communication facility in committing, causing, and facilitating the commission of acts constituting felonies under 21 U.S.C. §§ 841 and 846, in violation of 21 U.S.C. §§ 843(b) and 843(d)(1).

Defendant moves for an order "limiting law enforcement officers from providing certain 'expert' testimony." Dkt. # 150, at 1. Defendant does not move to limit any particular law enforcement officer's testimony; rather, defendant "anticipate[s] that law enforcement agents will

---

[1] Defendant was not charged in the original indictment (Dkt. # 24).

testify as experts on the organizational structure of a typical trafficking conspiracy[.]" Id. Defendant concedes that plaintiff has not yet identified any expert witness[es]. Id. But defendant asks that in the event plaintiff does identify a law enforcement officer as an expert, the Court "limit the scope of [the law enforcement officer's] expert testimony to avoid certain issues with law enforcement expert testimony." Id.

The Court cannot determine the admissibility of general categories of hypothetical expert testimony at this time. The Court will not speculate as to which law enforcement officers will be testifying, their specific expertise, level of experience and involvement in the case, and the extent to which they can opine on the facts of this case. Moreover, plaintiff asserts in its response (Dkt. # 161) that it "will file the appropriate Notice of Expert Testimony for each agent/officer expected to offer expert testimony." Dkt. # 161, at 2. The defendant may, as appropriate, object to the admissibility of particular testimony sought to be introduced at trial.

**IT IS THEREFORE ORDERED** that the defendant Gabriel Vidales-Moreno's motion in limine (Dkt. # 150) is **denied**.

**DATED** this 27th day of September, 2021.

*[signature: Claire V. Eagan]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE